UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CONSTANTIN IRIMIA,<br>    aka "Josef Chalupsky,"<br><br>Defendant. | Case No. 23CR1300-W<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Information the United States sought forfeiture of all right, title, and interest in all properties of Defendant CONSTANTIN IRIMIA ("Defendant"), pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 1029(c)(1)(C), and Title 28 United States Code, Section 2461(c) as the proceeds of and properties used in commission of the offense set forth in Count One of the Information; and,

WHEREAS, on or about November 14, 2023, Defendant pled guilty before Magistrate Judge Jill L. Burkhardt to the offense set forth in Count One of the Information, charging the defendant with Use and Attempted Use of Unauthorized Access Devices in violation of Title 18, United States Code, Sections 1029(a)(2), (b)(1), and 1029(c)(1)(A)(i), consented to the forfeiture allegations of the Information, and agreed to forfeit all properties seized in connection with this case pursuant to Title 18, United States Code, Sections 982(a)(2)(B), and 1029(c)(1)(C), including but not limited to the following:

a. Three (3) deep insert ATM Skimmers;
b. Three (3) pinhole cameras and two micro SD Cards;
c. One (1) Skimmer removal tools;
d. New York License plate;
e. Altered gift cards;
f. Black iPhone SE;
g. $3,048.00 U.S. Currency;
h. Genuine gift card ($61.06);
i. Bank of America debit cards in the name of "Josef Chalupsky";
j. Counterfeit Czech Republic ID in the name "Josef Chalupsky";
k. Handwritten notes;
l. Point-of-sale overlay skimmer;
m. $33,940.00 U.S. Currency;
n. Thirty-Seven (37) gift cards;
o. Four (4) Passport photos printed at CVS; and

WHEREAS, on, January 10, 2024, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited specific properties and the offense; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above- referenced specific properties, pursuant to Title 18, United States Code, Sections 982(a)(2)(B), and 1029(c)(1)(C), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and

1  WHEREAS, the following specific properties are currently in the custody of the San
2  Diego Police Department:
3   a. Three (3) deep insert ATM Skimmers;
4   b. Three (3) pinhole cameras and two micro SD Cards;
5   c. One (1) Skimmer removal tools;
6   d. New York License plate;
7   f. Black iPhone SE;
8   g. $3,048.00 U.S. Currency;
9   h. Bank of America debit cards in the name of "Josef Chalupsky";
10  i. Counterfeit Czech Republic ID in the name "Josef Chalupsky";
11  j. Handwritten notes;
12  k. Point-of-sale overlay skimmer;
13  l. Four (4) Passport photos printed at CVS; and
14 WHEREAS, the United States, having submitted the Order herein to the Defendant
15 through his attorney of record, to review, and no objections having been received;
16 Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:
17 1. Based upon the guilty plea of the Defendant to Count 1 of the Information,
18 the United States is hereby authorized to take custody and control of the $33,940.00 in U.S.
19 Currency, and all right, title and interest of Defendant, CONSTANTIN IRIMIA, in the
20 currency is hereby forfeited to the United States pursuant to Title 18, United States Code,
21 Sections 982(a)(2)(B), and 1029(c)(1)(C) for disposition in accordance with the law,
22 subject to the provisions of 21 U.S.C. § 853(n).
23 2. The aforementioned forfeited $33,940.00 in U.S. Currency is to be held by the
24 Federal Bureau of Investigation and the United States Marshals Service in its secure
25 custody and control.
26 3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to
27 begin proceedings consistent with any statutory requirements pertaining to ancillary
28 hearings and rights of third parties. The Court shall conduct ancillary proceedings as the

1  Court deems appropriate only upon the receipt of timely third-party petitions filed with the
2  Court and served upon the United States. The Court may determine any petition without
3  the need for further hearings upon the receipt of the Government's response to any petition.
4  The Court may enter an amended order without further notice to the parties.

5      4.    Pursuant to the Attorney General's authority under Section 853(n)(1) of
6  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
7  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the
8  United States forthwith shall publish for thirty (30) consecutive days on the Government's
9  forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States'
10 intent to dispose of the currency in such manner as the Attorney General may direct, and
11 notice that any person, other than the Defendant, having or claiming a legal interest in the
12 above-listed forfeited currency must file a petition with the Court within thirty (30) days of
13 the final publication of notice or of receipt of actual notice, whichever is earlier.

14     5.    This notice shall state that the petition shall be for a hearing to adjudicate the
15 validity of the petitioner's alleged interest in the currency, shall be signed by the petitioner
16 under penalty of perjury, and shall set forth the nature and extent of the petitioner's right,
17 title, or interest in the forfeited currency and any additional facts supporting the petitioner's
18 claim and the relief sought.

19     6.    The United States shall also, to the extent practicable, provide direct written
20 notice to any person known to have alleged an interest in the currency that are the subject
21 of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to
22 those persons so notified.

23     7.    Upon adjudication of all third-party interests, this Court will enter an
24 Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned
25 asset, in which all interests will be addressed.

26     8.    Based upon the guilty plea of the Defendant to Count 1 of the Information, all
27 right, title, and interest of Defendant, CONSTANTIN IRIMIA, in the following specific
28 properties, which are currently in the custody of the San Diego Police Department, are

hereby forfeited to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(B), and 1029(c)(1)(C). The Court further orders that the San Diego Police Department shall dispose of these assets according to law, when no longer needed for evidence:

  e. Three (3) deep insert ATM Skimmers;
  f. Three (3) pinhole cameras and two micro SD Cards;
  g. One (1) Skimmer removal tools;
  h. New York License plate;
  m. Black iPhone SE;
  n. $3,048.00 U.S. Currency;
  o. Bank of America debit cards in the name of "Josef Chalupsky";
  p. Counterfeit Czech Republic ID in the name "Josef Chalupsky";
  q. Handwritten notes;
  r. Point-of-sale overlay skimmer; and
  s. Four (4) Passport photos printed at CVS.

  9. No ancillary proceedings or further forfeiture action is required as to Defendant, CONSTANTIN IRIMIA, for this criminal case regarding the following assets:

  i. Three (3) deep insert ATM Skimmers;
  j. Three (3) pinhole cameras and two micro SD Cards;
  k. One (1) Skimmer removal tools;
  l. New York License plate;
  t. Black iPhone SE;
  u. $3,048.00 U.S. Currency;
  v. Bank of America debit cards in the name of "Josef Chalupsky";
  w. Counterfeit Czech Republic ID in the name of "Josef Chalupsky";
  x. Handwritten notes;
  y. Point-of-sale overlay skimmer;
  z. Four (4) Passport photos printed at CVS; and

10. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: 1/19/24

_____
Honorable Thomas J. Whelan
United States District Judge